**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| MICROGRAFX, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>GOOGLE, INC. and MOTOROLA<br>MOBILITY, LLC<br><br>          Defendants. | Civil Action No. 3:13-3595<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Micrografx, LLC ("Micrografx"), by and through its attorneys, for its Complaint

for Patent Infringement against Google, Inc. and Motorola Mobility, LLC (individually and

collectively, "Defendants" or "Google") alleges as follows:

## PARTIES

1.     Micrografx is a limited liability corporation organized and existing under the laws

of Texas, having a mailing address at 350 North St. Paul St., Suite 2900, Dallas, TX 75201.

2.     On information and belief, defendant Google, Inc. is a corporation organized and

existing under the laws of Delaware, having a principal place of business at 1600 Amphitheatre

Parkway, Mountain View, CA 94043.

3.     On information and belief, defendant Motorola Mobility, LLC is a corporation

organized and existing under the laws of Delaware, having a principal place of business at 600

North US Highway 45, Libertyville, Illinois 60048.   On information and belief, defendant

Motorola Mobility, LLC is a wholly owned subsidiary of Google, Inc.

## JURISDICTION AND VENUE

4.      This is a civil action for the infringement of United States Patent Nos. 5,959,633 ("'633 patent"); 6,057,854 ("'854 patent"); and 6,552,732 ("'732 patent") (collectively, the "Patents-in-Suit") under the laws of the United States, 35 U.S.C. § 100 *et seq.*, including in particular 35 U.S.C. § 271.  Micrografx owns the Patents-in-Suit and holds the right to sue and recover damages for infringement thereof, including past infringement.  This Court has subject matter jurisdiction pursuant to 28 U.S.C §§ 1331 and 1338(a).

5.      Defendants are subject to personal jurisdiction in this Court because, upon information and belief, Defendants do and have done substantial business in Texas and in this District, including both independently and through and with their subsidiaries and various commercial arrangements by manufacturing and selling accused infringing products in this District from 5650 Alliance Gateway Freeway, Fort Worth, TX 76177 and by placing accused infringing products into the stream of commerce, which stream is directed at the State of Texas and this District, with the knowledge and/or understanding that such products would be sold in the State of Texas and this District.  These acts have caused and continue to cause injury to Micrografx within this District.  Defendants derive substantial revenue from the manufacturing and sale of infringing products from this District, and/or should expect or should reasonably expect their actions to have consequences within this District, and derive substantial revenue from interstate and international commerce.  Upon information and belief, Defendants also do business in this state because Defendants recruit Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state.

6.      On information and belief, Defendants have sufficient minimum contacts with the District that an exercise of personal jurisdiction over Defendants would not offend traditional

notions of fair play and substantial justice and would be appropriate under Tex. Civ. Prac. & Rem. Code § 17.042.

7.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c), and/or 1400(b).

## BACKGROUND

8.      Micrografx Inc., the original assignee of the Patents-in-Suit, was founded in 1982 in Richardson, Texas.

9.      In 1995, Micrografx Inc.'s John R. Davis, Jr. of Garland, Texas, and Scott M. Glazer of Richardson, Texas, recognized a problem with providing graphics and associated information over the Internet.  ('854 patent; '732 patent).  Web pages included "embedded bit mapped graphics."  ('854 patent at 1:15-27; '732 patent at 1:18-30).  As "bit mapped graphics are computer graphics stored as collections of bits in memory locations corresponding to pixels on the screen … bit mapped graphics files are generally large and take a relatively long amount of time to download over the Internet."  *Id.*  Furthermore, "bit mapped graphics are static and device dependent."  *Id.*

10.     Mr. Davis and Mr. Glazer also recognized a problem with "associat[ing] an action with a defined area of a graphic" explaining that the "hot spots" method was "inflexible in that only rectangular hot spots can generally be defined."  ('854 patent at 1:28-36; '732 patent at 1:30-40).  Furthermore, Mr. Davis and Mr. Glazer understood that this problem "becomes significant in certain applications such as maps where the regions are too complicated to describe using simple rectangles."  *Id.*

11.     Their invention comprised systems and methods for providing over a network interactive vector graphics with an active area associated with a command to be performed in response to an event.  ('854 patent; '732 patent).

12.     Their invention "provides interactive graphics that require less memory and therefore can be efficiently downloaded over the network [] to the client system []." ('854 patent at 4:65-67; '732 patent at 5:2-5).

13.     As the inventors explained in the specification, "QUICKSILVER" was "manufactured by Micrografx, Inc. of Richardson, Tex." and "may be used as the vector graphics application []." ('854 patent at 7:39-48; '732 patent at 7:46-54).

14.     Mr. Davis and Mr. Glazer applied for and obtained the '854 and '732 patents.

15.     Barton E. Showalter of Baker Botts L.L.P. prosecuted the '854 and '732 patents. Upon information and belief, Mr. Showalter maintains an office in this District.

16.     Micrografx Inc.'s employees Kevin E. McFarland of Coppell, Texas and Rodney T. Whisnant of Plano, Texas recognized a problem with producing graphical images.  ('633 patent). "Conventional systems only enable a user to draw and edit a limited number of shapes." ('633 patent at 1:10-22).  Thus, "once a computer program is released, it becomes difficult to update the program with additional shapes." *Id.*

17.     Mr. McFarland and Mr. Whisnant also recognized a problem with tools "limited to editing and creating shapes in ways permitted by the tools within the computer program." ('633 patent at 1:22-35).  "Thus, although shapes may be added after release of a computer program, the shapes that may be added are limited to shapes that the internal tools in the computer program know how to create."). *Id.*

18.     Their invention comprised methods and systems for producing graphical images providing several advantages:

> New shapes may be added easily without rewriting the underlying computer program. Additionally, shapes may be developed by third parties, addressing particular markets. Furthermore, because shapes may be developed external to the computer program, they may be developed outside the application project schedule. Moreover, because shapes may be added easily, upgrades to the computer graphics package may be provided more frequently at lower cost. In addition, the invention provides for the modular production of additional shapes. Shapes may be grouped in different modules based on similarity of appearance or other characteristics, such as intended use. For example, shapes commonly used in a particular technical field may be grouped in one module. The invention also provides an architecture that allows for the integration of additional shapes with an existing computer program without modifying that existing program.
> ('633 patent at 1:60-2:9).

19.     Mr. McFarland and Mr. Whisnant applied for and obtained the '633 patent.

20.     Bradley P. Williams of Baker Botts L.L.P. prosecuted the '633 patent.  Upon information and belief, Mr. Williams currently maintains an office in this District.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,057,854

21.     Paragraphs 1 through 20 are incorporated as if fully set forth herein.

22.     United States Patent No. 6,057,854, entitled "System And Method Of Providing Interactive Vector Graphics Over A Network," issued on May 2, 2000, to inventors John R. Davis, Jr. and Scott M. Glazer.  A true and correct copy of the '854 patent as Exhibit A.  The '854 patent is owned by Micrografx.

23.     Upon information and belief, Google has infringed and continues to infringe one or more claims of the '854 patent in violation of 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering for sale, and selling in the United States and by importing into the United States mobile phones, tablets, interactive vector objects, server

systems, web browsers, notebooks, and mobile applications that infringe one or more claims of

the '854 patent.  Upon information and belief, the mobile phones, tablets, and notebooks include

applications, such as Google Maps and Chrome Browser, that provide interactive vector graphics

over a network.  For example, at least the following systems directly infringe the '854 patent:

- Google Nexus 4
- Google Nexus 7
- Google Nexus 10
- Moto X
- Droid Razr M
- Droid Razr HD
- Droid Razr Maxx HD
- Photon Q 4G
- Droid Ultra
- Droid Mini
- Droid Maxx
- Chrome Browser
- Google Maps
- Chromebook Pixel

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,552,732

24.     Paragraphs 1 through 23 are incorporated as if fully set forth herein.

25.     United States Patent No. 6,552,732, entitled "System And Method Of Providing

Interactive Vector Graphics Over A Network," issued on April 22, 2003, to inventors John R.

Davis, Jr. and Scott M. Glazer.  A true and correct copy of the '732 patent as Exhibit B.  The

'732 patent is owned by Micrografx.  Upon information and belief, Google has infringed and

continues to infringe one or more claims of the '732 patent in violation of 35 U.S.C. § 271(a),

literally or under the doctrine of equivalents, by making, using, offering for sale, and selling in

the United States and by importing into the United States mobile phones, tablets, interactive

vector objects, server systems, web browsers, notebooks, and mobile applications that infringe

one or more claims of the '732 patent.  Upon information and belief, the mobile phones, tablets,

and notebooks include applications, such as Google Maps and Chrome Browser, that provide

interactive vector graphics over a network.  For example, at least the following systems directly infringe the '732 patent:

- Google Nexus 4
- Google Nexus 7
- Google Nexus 10
- Moto X
- Droid Razr M
- Droid Razr HD
- Droid Razr Maxx HD
- Droid Ultra
- Droid Mini
- Droid Maxx
- Photon Q 4G
- Chrome Browser
- Google Maps
- Chromebook Pixel

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 5,959,633

26.     Paragraphs 1 through 25 are incorporated as if fully set forth herein.

27.     United States Patent No. 5,959,633, entitled "Method And System For Producing Graphical Images," issued on Sept. 28, 1999, to inventors Kevin E. McFarland and Rodney T. Whisnant.  A true and correct copy of the '633 patent as Exhibit C.  The '633 patent is owned by Micrografx.  Upon information and belief, Google has infringed and continues to infringe one or more claims of the '633 patent in violation of 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering for sale, and selling in the United States and by importing into the United States mobile phones, tablets, mobile applications, software, and APIs that infringe one or more claims of the '633 patent.  Upon information and belief, the mobile phones and tablets include applications, such as Google Maps, that access an external shape stored outside the application and delegate the production of a graphical image of the external shape.  For example, at least the following systems directly infringe the '633 patent:

- Google Nexus 4

- Google Nexus 7
- Google Nexus 10
- Moto X
- Droid Razr M
- Droid Razr HD
- Droid Razr Maxx HD
- Droid Ultra
- Droid Mini
- Droid Maxx
- Photon Q 4G

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules and Civil Procedure 38(b), Micrografx demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Micrografx respectfully prays that this Court enter judgment in its favor as follows:

a)  declaring that Google has infringed and continues to infringe one or more claims of the Patents-in-Suit;

b)  awarding Micrografx all damages adequate to compensate for Google's infringement, and in no event less than a reasonable royalty for Google's acts of infringement, including all pre-judgment interest at the maximum rate allowed by law;

c)  awarding Micrografx attorney fees, costs, and expenses that it incurs in prosecuting this action;

d)  awarding Micrografx any further and additional relief as the Court may deem just and equitable.

Date: September 9, 2013                    Respectfully Submitted:


/s/ Lenny Huang
G. Donald Puckett
Texas Bar No. 24013358
Lenny Huang
California Bar No. 264386
**SKIERMONT PUCKETT LLP**
2200 Ross Avenue, Suite 4800W
Dallas, Texas 75201
(214) 978-6600 (Telephone)
(214) 978-6601 (Facsimile)
donald.puckett@skiermontpuckett.com
lenny.huang@skiermontpuckett.com


Of Counsel:
Matthew D. Powers (pro hac vice to be filed)
Steven S. Cherensky (pro hac vice to be filed)
Paul T. Ehrlich (pro hac vice to be filed)
Palani P. Rathinasamy (pro hac vice to be filed)
**TENSEGRITY LAW GROUP LLP**
555 Twin Dolphin Drive, Suite 360
Redwood Shores, CA 94065
(650) 802-6000 (Telephone)
(650) 802-6001 (Facsimile)
matthew.powers@tensegritylawgroup.com
steven.cherensky@tensegritylawgroup.com
paul.ehrlich@tensegritylawgroup.com
palani@tensegritylawgroup.com

**Attorneys for Plaintiff Micrografx, LLC**